IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZAKIYA W. CALLOWAY,
       Plaintiff,

v.                                                 Civil Action No. 3:22cv374

THE COUNTY OF POWHATAN, VIRGINIA,
DEPARTMENT OF SOCIAL SERVICES,
       Defendant.

## OPINION

In 2020, Zakiya Calloway ("Calloway") resigned from her job with the defendant, the County of Powhatan, Virginia, Department of Social Services ("Powhatan DSS"), due to discriminatory treatment and a hostile work environment. Calloway filed a complaint in Richmond Circuit Court asserting federal and state law claims. After Powhatan DSS removed the case to federal court, Calloway amended her complaint to remove her federal claim and moved to remand the case to state court because the Court lack of subject matter jurisdiction.

Because remanding the case to state court promotes "economy, convenience, fairness, and comity," the Court will grant the motion to remand. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988).

## I. PROCEDURAL HISTORY

On November 23, 2021, Calloway sued Powhatan DSS in Richmond Circuit Court asserting racial discrimination in violation of Title VII, retaliation in violation of Title VII, violation of Virginia public policy, and retaliation in violation of the Virginia Human Rights Act. On May 11, 2022, Powhatan DSS removed the case to this Court because Calloway's complaint included federal claims. Calloway then amended her complaint as a matter of course pursuant to Rule 15(h)(1)(B), removing her federal claims and asserting only state law violations of Virginia

Public Policy and the Virginia Human Rights Act. After amending her complaint, Calloway moved to remand this case to state court, arguing that because her amended complaint did not include federal claims and the parties were not diverse, the Court lacked subject matter jurisdiction. Powhatan DSS opposes remand and instead asks the Court to exercise its supplemental jurisdiction over this case.

## II. DISCUSSION

Federal courts have jurisdiction over (1) cases that present a federal question ("federal question jurisdiction"), 28 U.S.C. § 1331, or (2) cases for over $75,000 that arise between citizens of different states ("diversity jurisdiction"), 28 U.S.C § 1332. When a federal court has jurisdiction over a case for one of those two reasons, it may exercise supplemental jurisdiction "over all other [related] claims." 28 U.S.C. § 1367(a). When a defendant removes a case based on federal question jurisdiction, a court must remand the case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). But when the Court had federal question at the time of removal and "a post-removal amendment has eliminated [the] federal claims," the Court retains supplemental jurisdiction over the state law claims. *See Boone v. CSX Transp., Inc.*, No. 3:17cv668, 2018 WL 1308914, at *4 (E.D. Va. Mar. 13, 2018); *see also* 28 U.S.C. § 1367(c), (c)(3). In such cases, "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Because "[t]he doctrine of supplemental jurisdiction . . . 'is a doctrine of flexibility,'" the "district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id.* at 110 (quoting *Cohill.*, 484 U.S. at 350); *Cohill*, 484 U.S. at 357.

2

Courts consider "economy, convenience, fairness, and comity" when deciding whether to exercise this discretion. *Id.* at 350. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). When "[i]t is early in the pre-trial period, . . . the court is less concerned with fairness and judicial economy." *Vill. Builders on the Bay, Inc. v. Cowling*, 321 F. Supp. 3d 624, 630 (E.D. Va. 2018). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7.

Courts also consider whether the motion to remand suggests forum shopping. *Id.* at 357. Even when a plaintiff has "mixed motives" and "clearly want[s] to avoid federal court," the Fourth Circuit has held that district courts do not abuse their discretion by remanding cases to state court instead of exercising supplemental jurisdiction over state law claims. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448, 450 (4th Cir. 2004).

Here, remanding the case to state court promotes "economy, convenience, fairness, and comity." *Cohill*, 484 U.S. at 357. Comity favors remand to avoid "[n]eedless decisions of state law." *Gibbs*, 383 U.S. at 726. To date, the plaintiff has amended her complaint and the parties have only litigated the plaintiff's motion to remand and the Court's discretion to retain or decline supplemental jurisdiction over the plaintiff's state law claims. The defendant has not filed an answer, and the parties have not engaged in discovery or filed dispositive motions. The Court has granted motions to remand in similar circumstances. *See, e.g., Futrend Tech. Inc. v. Microhealth LLC*, 2019 WL 1966636, at *3 (E.D. Va. May 2, 2019) (granting the motion to remand and noting

that "litigation in this Court has revolved around the propriety of being in federal court rather than the merits of the case"). For the same reasons, neither fairness nor economy tip the balance at this early stage of litigation. *See Vill. Builders on the Bay, Inc.*, 321 F. Supp. 3d at 630. Convenience also remains a neutral factor. For example, this Court and the Richmond Circuit Court sit within a few city blocks of each other.

Powhatan DSS alleges Calloway engaged in forum shopping by amending her complaint to shed its federal claims. Calloway contends that amending her complaint "w[a]s an honest attempt to move her claims forward in a realistic and protective manner." (ECF No. 12, at 4.) Regardless of whether Calloway may have "wanted to avoid federal court, she also had substantive reasons for amending the pleadings." *Harless*, 389 F.3d at 488. Her "mixed motives" do not compel this Court to exercise supplemental jurisdiction of her state law claims. *Id.* In sum, the factors on the whole weigh in favor of remanding the case to state court.

### III. CONCLUSION

On balance, remanding this case to state court promotes "economy, convenience, fairness, and comity." *Cohill*, 484 U.S. at 350. Accordingly, the Court will grant Calloway's motion to remand and remand this case to the Circuit Court for the City of Richmond, Virginia.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 28 February 2023
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge